# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     :
              :
  v.         : ID No. 1506014357
              :
STEVEN KELLAM,      :
              :
  Petitioner.      :

Submitted:  June 28, 2023
Decided:  July 10, 2023

## MEMORANDUM OPINION AND ORDER

### *Recusal from Consideration of Rule 61 Petition*

Zachary George, Esquire, Hudson, Jones, Jaywork & Fisher, LLC, 225 South State Street, Dover, Delaware 19901, Post-Conviction Counsel for Petitioner.

Kathryn Garrison, Esquire, Deputy Attorney General, Department of Justice, 102 West Water Street, Dover, Delaware 19901, Counsel for the State.

**KARSNITZ, R. J.**

This case is before me on Defendant's application for postconviction relief as provided by Superior Court Criminal Rule 61 (the "Petition"). Kellam was convicted of murder charges as a result of a double killing he allegedly directed. Defendant made the initial filing without the benefit of counsel. At Defendant's request I appointed post-conviction counsel who amended the Petition and briefed the issues. Post-conviction counsel further amended the filing to raise issues based upon *Ray v. State*[1] and claims related to the jury instruction on the law of felony murder. Defendant and the State briefed the issues and oral argument was scheduled for June 22, 2023.

As I prepared for oral argument, I read the factual allegations in the charges the State filed, and a recitation of facts presented at Kellam's trial. They were vaguely familiar to me, and I reviewed the indictment and specifically the co-defendants indicted with Kellam. I recognized a name, Rahim Waples. I realized I had been appointed to represent Mr. Waples to defend the murder charges he faced. Realizing I had a potential disqualifying conflict, I cancelled oral argument, and instead held a teleconference with counsel to explain my concerns.

---

[1] 280 A.3d. 627 (Del. 2022).

The parties stated at oral argument that they might present additional filings on the issue of recusal. Rather, on July 10, 2023, counsel filed a Waiver of Potential Conflict of Interest (the "Waiver"), signed under oath by Petitioner. Notwithstanding this Waiver, I am recusing myself.

The State indicted the case against Kellam and his co-defendants as a capital murder case. When Delaware litigated capital cases it was this Court's practice to appoint two lawyers to defend each defendant. The Court appointed Thomas A. Pedersen, Esquire to represent Waples. Likely because I had previously worked with Mr. Pedersen on a capital case, the Court asked me to work again with Mr. Pedersen, this time to defend Waples. I agreed. An issue developed early on of Waples' eligibility for the death penalty. Some records indicated he was a minor, and the State determined he was.

My recollection is that Mr. Pedersen and I met with Waples in the courthouse. Our intent was to introduce ourselves to him and alert him as to the age issue. When the State decided Waples was a juvenile, the State rescinded the death penalty notice. The Court then told me my services were no longer needed. I have no recollection of reviewing any discovery materials, and do not believe I did so. I had only a very general knowledge of the allegations, which is what triggered my memory when reviewing the facts outlined in the Rule 61 filings. If I may borrow a baseball phrase used to describe a minor league player who spends a

3

short time with the big club, I had a cup of coffee with this case. But the cup of coffee in the big leagues caused me to review my ethical responsibilities.

There is an old saw that judges and lawyers must avoid "…"even the appearance of impropriety."[2] Despite it being embodied in the Delaware Judge's Code of Judicial Conduct, for me this high minded statement has done way too much lifting, and is a substitute for thoughtful analysis.[3] The phrase provides no analysis to me as to when and under what conditions I am to recuse myself.

Of more help is the Delaware case of *Los v. Los*.[4] In *Los* our Supreme Court directed a Judge considering recusal to consider whether the Judge believes either subjectively or objectively he has a disqualifying bias. The subjective test for me is relatively straightforward. I ask myself whether I believe something I know, or some interest I have, would affect my decision making. Here the answer is clearly I do not have such a bias. I learned nothing in my brief representation of Mr. Waples which would affect my decision making as to Kellam.

I have always had more difficulty with the objective test. Applying it, I am to determine if a reasonable person with knowledge of all relevant facts would conclude I had a disqualifying bias. I have always considered myself a

---

[2] Del. Judicial Code Rule 2.3 (B).
[3] It is also ironic given recent discussions about the ethics of members of the United States Supreme Court.
[4] 595 A.2d 381 (Del. 1991).

reasonable person.  Thus, the two tests merge.  But I also considered that by positing two tests, our Supreme Court meant for me to apply a separate standard.  My musings about this aside, I do not think objectively I have a disqualifying bias in this case.

I reviewed the Delaware Judges Code of Judicial Conduct ("the Code")[5] as the last step in my analysis.  Before I get to the Code, I address reasons for not recusing oneself in general.  Recusal will necessarily delay the case.  A different judicial officer will need to step in and familiarize herself with the issues.  For good reasons, this case has taken some time to get to the decision-making stage.  Serious claims have been made and should be evaluated promptly.  Recusal also puts additional burdens on scarce judicial assets.  And while it does not apply here, parties may attempt to use recusal as a weapon for potentially nefarious purposes.  I am not a proponent of the conservative view that recusal is necessary in all cases.

Delaware Judges' Code of Conduct Rule 2.11 deals with Disqualification.  Section (A)(4) reads in full:

> (A)  A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned including but not limited to instances where:

---

[5] 2008.

(4)  The Judge

        (a) served as a lawyer in the matter in controversy… .

The Code in Rule 2.11(C) provides a safe harbor as follows:

> A judge disqualified by the terms of Rule 2.11, *except a disqualification by the terms of Rule 2.11 (A)(1) or Rule 2.11 (A)(4),* may, instead of withdrawing from the proceeding, disclose on the record the basis of the judge's disqualification.  If the parties and their lawyers, after such disclosure and an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding.  The agreement shall be incorporated in the record of the proceeding. [emphasis supplied].

Our Supreme Court dealt with this issue in *Craig v. State*.[6]  *Craig* was found guilty of second degree murder.  He was later charged with promoting prison contraband.  His counsel in the second case was later appointed to the Superior Court Bench.  *Craig* later filed a motion to correct a sentence he contended was illegal.  The motion was denied by the judicial officer who had previously represented him.  The Supreme Court remanded the case to be decided by a different judicial officer.  The Supreme Court cited Canon 2 of the Delaware Judges' Code of Judicial Conduct, but curiously referenced the safe harbor

---

[6] 264 A.3d 1137 (Del. 2021).

provision regarding written agreement of the parties. It appears to me the safe harbor does not apply by its terms to Rule 2.11(A)(4), cases where a judge…"served as a lawyer in the matter in controversy."

*Craig* is significantly different than the case at bar. I am once removed from the position of the judicial officer in *Craig*, as I did not represent Kellam, but his co-defendant.

This leads me to my final consideration: was my representation of Waples "…in the matter in controversy…"? The current matter is Kellam's Rule 61 Petition. If one reads matter in controversy broadly, it would encompass all of Kellam's case, including his co-defendants. If read narrowly, it would only be Kellam's Rule 61 claims, which have nothing to do with Waples. For me, the most rationale reading is the narrow one.

Nonetheless, I choose to recuse myself. Despite my distaste for the "when in doubt recuse" theory, if I do not recuse myself, I run the risk of being told my analysis is wrong, and thus promoting the very evil with which I am

concerned, further delay in resolution of the Petition. The case is serious, and the Rule 61 claims are serious. I will ask our President Judge to reassign the case.


/s/ Craig A. Karsnitz
Craig A. Karsnitz


cc: Prothonotary